

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

200 WEST 41ST STREET
17TH FLOOR
NEW YORK, NY 10036-7203
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

BRENDAN M. SCOTT
EMAIL:  BSCOTT@KLESTADT.COM

July 2, 2024

<u>VIA ECF AND E-MAIL</u>

Chambers of the Honorable Louis A. Scarcella
U.S. Bankruptcy Court, Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
290 Federal Plaza
Central Islip, NY 11722

Re: In re Benjamin O. Ringel, Chapter 7 Case No. 24-71468 (LAS)

Your Honor:

We are counsel to Atalaya Asset Income Fund II LP ("<u>Atalaya</u>"). We write with regard to the letter filed on behalf of Benjamin O. Ringel [ECF Docket No. 40] (the "<u>Debtor's Letter</u>") today requesting an adjournment of Atalaya's motion seeking confirmation that the automatic stay does not apply, or in the alternative, for modification of the automatic stay [ECF Docket No. 24] (the "<u>Stay Relief Motion</u>"). Atalaya strenuously objects to Mr. Ringel's request for an adjournment.

First, Mr. Ringel has not provided any justification for the adjournment other than the fact that he simply chose not to prepare an objection to the Stay Relief Motion until now. The Stay Relief Motion was served upon Mr. Ringel on June 5, 2024. He has had nearly one month to formulate an objection to the Stay Relief Motion. He offers no excuse for his failure to prepare an objection prior to today and offers no preview of any meritorious basis to object to the Stay Relief Motion. That he waited until the day before his objection to the Stay Relief Motion is due to request a consensual adjournment from Atalaya, and waited until the day his objection is due to request a non-consensual adjournment from the Court is entirely consistent with Mr. Ringel's standard operating procedure to delay his creditors at all costs. This is a strategy taken straight from Mr. Ringel's playbook. As detailed in the Stay Relief Motion, Mr. Ringel regularly ignores court orders, and court-imposed deadlines, and then when faced with the consequences of his strategic delays, he requests additional time to respond with a promise that he is acting in good faith. As also detailed in the Stay Relief Motion, Mr. Ringel has acted in bad faith, ignored court orders, and abused the bankruptcy system time and time again.[1]  Atalaya has waited as long as

---

[1] Solely in his dealings with Atalaya, Mr. Ringel was found in contempt of court <u>twice</u> by Judge Joel M. Cohen in the Supreme Court of the State of New York. Already in the short history of this case, Mr. Ringel faces a motion for contempt of this Court pursuant to a motion brought by the Chapter 7 Trustee in this matter.

nine years to be repaid for the funds it originally loaned to Mr. Ringel, which he and his wife guaranteed and have not repaid. His personal bankruptcy filing was a last-ditch effort to stop Atalaya, and a number of other creditors of Mr. Ringel, from being repaid from the BCR Asset Sale Proceeds (as defined herein). The Court should not reward Mr. Ringel's lack of diligence in preparing an objection to the Stay Relief Motion by allowing him to further delay Atalaya's efforts to enforce its rights.

Second, contrary to Mr. Ringel's allegation in the Debtor's Letter, the Stay Relief Motion is not impacted by Mr. Ringel's recently filed motion seeking to convert the case to a Chapter 11 case [ECF Docket No. 37] (the "Conversion Motion"). In his Conversion Motion, Mr. Ringel falsely states that he holds an ownership interest in non-debtor BCR Pinewood, LLC ("BCR Pinewood"), and that he intends to use distributions he claims to be entitled to receive from BCR Pinewood from the proceeds of the sale of BCR Pinewood's assets ("BCR Asset Sale Proceeds") to fund a plan of reorganization. As detailed in the Stay Relief Motion, Mr. Ringel and his bankruptcy estate do not hold any ownership interest in BCR Pinewood, and hold no ownership interest in the BCR Pinewood Sale Proceeds. Even if Mr. Ringel had not been fully divested of his ownership interest in BCR Pinewood by an order of the Supreme Court of the State of New York, and he indisputably was, Atalaya and numerous other creditors hold perfected charging liens against any and all distributions that Mr. Ringel would be entitled to receive from BCR Pinewood on account of his former ownership interests in BCR Pinewood. Consequently, neither Mr. Ringel nor his bankruptcy estate hold any equity in the BCR Asset Sale Proceeds, and as such, the BCR Asset Sale Proceeds cannot be used by the Debtor to reorganize in a Chapter 11 case. That the Debtor has no right to receive or use any of the BCR Pinewood Sale Proceeds is indisputable. Mr. Ringel's belated desire to convert the case to Chapter 11 does not change the facts and does not in any way impact Atalaya's entitlement to stay relief as set forth in the Stay Relief Motion.

Separately, although it is an issue for another day, there is no legitimate purpose to Mr. Ringel's Conversion Motion, which was filed to further delay his creditors and to avoid the consequences of his contemptuous bad faith conduct in interfering with the Chapter 7 Trustee's administration of Mr. Ringel's bankruptcy estate, as detailed in the Trustee's contempt motion filed at ECF Docket No. 28.

It is respectfully submitted that the Stay Relief Motion should be heard on its current schedule for the independent reason that if the Court were to grant the relief requested in the Stay Relief Motion, the Conversion Motion would essentially be mooted given that the Debtor's only purported rationale for converting to Chapter 11 is a desire to use the BCR Asset Sale Proceeds to fund a plan of reorganization, which he has no ability to access.[2]

---

[2] Mr. Ringel also expresses a desire to contest the amounts of various claims that are based upon final judgments entered by state courts, including the amount owed to Atalaya pursuant to the judgment it obtained against Mr. Ringel. It is beyond doubt that the *Rooker Feldman* doctrine prevents Mr. Ringel from engaging in such an endeavor and such wishful thinking does not serve as a legitimate basis to convert this case to Chapter 11.

Honorable Louis A. Scarcella
July 2, 2024
Page 3

    Based upon the foregoing, Atalaya objects to the Debtor's request for an adjournment of the Stay Relief Motion and respectfully requests that the Court hear the Stay Relief Motion on July 9, 2024 as currently scheduled.

                                                    Respectfully submitted,
                                                  */s/ Brendan M. Scott*
                                                  Brendan M. Scott