UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                                                      Chapter 7

BENJAMIN O. RINGEL,                                                       Case No. 24-71468 (LAS)

                                      Debtor.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW OBJECTING TO MOTION
## SEEKING RELIEF FROM THE AUTOMATIC STAY [DKT 24, 25]



**THE FRANK LAW FIRM P.C.**
333 Glen Head Road, Suite 145
Old Brookville, New York 11545
P: (516) 246-5577
F: (516) 246-5597

*Counsel for Debtor, Benjamin O. Ringel*

*On the brief*:    Thomas J. Frank, Esq.

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................................ii

**PROCEDURAL POSTURE** ..................................................................................................... 1

**ARGUMENT** ............................................................................................................................2

I.     The Debtor's interest in the Escrow Funds fall within the definition of "property of the estate" ........................................................................................................2

     **CONCLUSION** ............................................................................................................. 8

## PROCEDURAL POSTURE

On April 15, 2024, Benjamin O. Ringel (the "Debtor") filed the instant chapter 7 proceeding under title 11 of the United States Code (the "Bankruptcy Code") (*See* Dkt 1). By Notice of Appointment, Allan B. Mendelsohn, Esq. was appointed the interim chapter 7 trustee, and has since duly qualified (the "Trustee") (*See* Dkt 2).

On May 16, the Trustee's retained counsel filed an emergency motion seeking an Order, under Bankruptcy Code § 521(a)(1)(B), directing the Clerk's Office to not automatically dismiss this proceeding (*See* Dkt 12).[1] This Court granted that motion through the Order entered on May 28 (*See* Dkt 22).

On May 22, the Debtor appeared at the First Meeting of Creditors and was examined by the Trustee and his counsel. The Trustee adjourned the meeting to June 26, and then again to August 14. On June 3, the Debtor filed his schedules and statements (*See* Dkt 23).

On June 4, Atalaya Asset Income Fund II LP ("Atalaya") filed its motion seeking confirmation that the automatic stay does not apply to Atalaya's proposed enforcement action, or in the alternative, seeking that this Court modify the automatic stay (*See* Dkt 24–5). Atalaya's stay relief motion, along with the Trustee's motion seeking to hold the Debtor in contempt, are scheduled to be heard on July 9.

On June 1, the Debtor filed his motion seeking to convert this proceeding to one under chapter 11. The motion to convert is set to be heard on August 8. The

---

[1] By Order entered May 24, 2024, this Court authorized the Trustee to retain The Kantrow Law Group, PLLC as counsel to the Trustee (*See* Dkt 20).

1

Debtor now objects to the motion by Atalaya seeking relief from the automatic stay (Dkt 24–25) (the "Motion").

## ARGUMENT

### II. The Debtor's interest in the Escrow Funds fall within the definition of "property of the estate"

The entire premise of Atalaya's Motion is that the Escrow Funds are not property of the estate, and therefore are not subject to the automatic stay.[2] Accordingly, per Atalaya's argument, the Distribution Motion in the New Jersey Action does not violate the automatic stay.

However, this argument fails to consider the broad definition of property of the estate and that the Debtor would be entitled to any surplus funds available after a proper accounting of the claims held by the Debtor's judicial creditors.

Bankruptcy Code § 541(a) provides that the bankruptcy estate consists of "[a]ll legal and equitable interest of the debtor in property as of the commencement of the case" (*See* 11 U.S.C. § 541[a]). "Property of the estate" is to be interpreted broadly, and "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivate, is within the reach of [Bankruptcy Code § 541]" (*Geltzer v. Soshkin* [*In re Brizinova*], 588 B.R. 311, 326 [Bankr. E.D.N.Y. 2018]).

Atalaya argues that by virtue of the NY Charging Order and Turnover Order entered in New York County Supreme Court, the Debtor no longer possesses an

---

[2]    Capitalized terms shall have the same definition as those contained in Atalaya's moving papers.

interest in BR Lakewood, and therefore the portion of the Escrow Funds entitled to BR Lakewood does represent an asset of the Debtor.

However, the Turnover Order—which the Debtor appealed and the time to perfect has not yet expired—turned over the membership interest to Atalaya *as receiver*, pursuant to CPLR 5228.[3,4]

The NY Charging Order was issued in favor of Atalaya pursuant to New York Limited Liability Company Law ("NY LLC") § 607(a), which permits a judgment creditor to charge the membership interest of the debtor-member. The rights under NY LLC § 607(a) are limited by NY LLC § 607(b), which provide that "[n]o creditor shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company."

Moreover, the Turnover Order turned over the membership interest of BR Lakewood to Atalaya *as receiver*. Receiverships are governed by CPLR 5228. CPLR 5228(a) provides, in relevant part, "the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property *in which the judgment debtor has an interest . . .*" (*emphasis added*). By its plain terms, CPLR 5228 considers a scenario where the receiver—Atalaya—is holding property belonging to another.

---

[3]     Notably, the Superintendent of Financial Services of New York State, and the New York Attorney General entered into a $2.77 million settlement with Atalaya Capital Management for unlicensed and predatory lending in August 2019.

[4]https://www.dfs.ny.gov/reports_and_publications/press_releases/pr1908271#:~:text=Newsroom,Superintendent%20of%20Financial%20Services%20Linda%20A.,Facilitating%20Unlicensed%20and%20Predatory%20Len

The Turnover Order makes clear that Atalaya shall adhere to the directives of the court in the New Jersey Action in its role as receiver. And that the fundamental purpose of the current procedural posture of the New Jersey Action is to disburse the Escrow Funds to satisfy debts claimed by the Debtor's creditors. But in the event the Escrow Funds were sufficient to satisfy the claims by Atalaya, JDWC, CTSW, LMezz, and Lebensfeld, the Debtor's estate would be entitled to the surplus.

Prior to commencement of this bankruptcy proceeding, the Debtor filed an appeal in the New York County Supreme Court with respect to the Turnover Order, and also filed a motion seeking reconsideration for the debt claimed by JDWC, LLC. Should this appeal and reconsideration motion be successful, it could lead to a reduction of the claims held by Atalaya and JDWC, and therefore lead to a surplus of funds for the estate.

Accordingly, since the Debtor has a potential claim to the Escrow Funds, that asset fits within the definition of "property of the estate," and so the instant Motion should be denied. Or in the alternative, this Motion should be carried to the hearing scheduled on the Debtor's motion to convert this proceeding to a case under chapter 11 which is set for August 8.

\* \* \* \* \*

## CONCLUSION

**WHEREFORE**, the Debtor requests an Order denying the Motion in its entirety.

**Dated: July 2, 2024**
      **Old Brookville, New York**

                              **THE FRANK LAW FIRM P.C.**


By:   *s/Thomas J. Frank*
          Thomas J. Frank, Esq.
333 Glen Head Road, Suite 145
Old Brookville, New York 11545
P:    (516) 246-5577
F:    (516) 246-5597 (For court use only)
Em:   thomas@frankfirmpc.com

*Counsel for Debtor, Benjamin O. Ringel*