

July 8, 2024

**Via ECF**
Honorable Louis A. Scarcella
U.S. Bankruptcy Court, Eastern District of N.Y.
Alfonse M. D'Amato U.S. Courthouse
290 Federal Plaza
Central Islip, NY 11722

Re:   In re Benjamin O. Ringel (the "**Debtor**")
      Case No. 24-71468 (LAS)
      Letter in Further Support of Objection to Stay Relief Motion
      filed by Atalaya Asset Income Fund II, LP (Dkt 24–25)

Dear Judge Scarcella:

Our office serves as counsel to the Debtor in the above chapter 7 proceeding. Our office submits this correspondence in further support of the Debtor's objection to the stay relief motion filed by Atalaya Asset Income Fund II, LP ("Atalaya"), which was joined by JDWC, LLC (Dkt 43). While the stay relief motion is fully briefed at this point, the Debtor seeks to further advise this Court of the underlying facts and implications surrounding this issue. Since Atalaya refused consent to adjourn this motion to the date of the Debtor's motion to convert, it is requested that this correspondence be considered.

As Your Honor is aware, there is a pending motion to convert this case to a case under chapter 11 (*See* Dkt 37). The motion to convert is scheduled for August 8, 2024. The Debtor's primary asset is a portion of the roughly $20,000,000 held in escrow by the firm of Giordano, Halleran & Ciesla, P.C. (the "Escrowed Proceeds") pursuant to a New Jersey Court Order. These funds are the subject of various state court actions against the Debtor in both New York and New Jersey.

Leading up to the Debtor's personal bankruptcy filing, the Debtor asserted in the state court proceedings that some, or all, of his judgment creditors have been paid in full. The following are the state court actions:

(a)   LMEZZ 250 LLC v. Benjamin Ringel, Index No. 654469/2016 (NY County);
(b)   Atalaya Asset Management v. Benjamin Ringel, et al., Index No. 654299/2019 (NY County);
(c)   Chana Ringel et al. v. BR Lakewood, LLC et al., Docket No. OCN-C-127-15;
(d)   Chana Ringel, et al. v. Benjamin Ringel, et al., Docket No. OCN-C-152-16;
(e)   Chana Ringel v. Benjamin Ringel, et al., Index No. 653518/2021 (N.Y. County); and
(f)   AC1 Toms River Mezz, LLC et al. v. JDWC, LLC, Docket No. OCN-C-209-13.

For instance, the judgment held by Atalaya derives from a judgment of foreclosure and sale entered before the Supreme Court, Suffolk County (Emerson, J.), but Atalaya did not move for a deficiency judgment in the time prescribed by RPAPL § 1371(2).

All the above actions are presently stayed under 11 U.S.C. § 362(a).  Atalaya has asked to lift the stay so that the Escrowed Proceeds can be disbursed in accordance with a waterfall agreed to amongst the creditors listed therein (*See* Dkt 25, Ex. CC).  If this Court lifts the stay, it will lead to a deluge of state court motion practice involving the Escrowed Proceeds, including motions before Judge Hodgson in the Superior Court of New Jersey, and Justice Joel M. Cohen of the Supreme Court, New York County, as the Debtor will be forced to pick-up the litigation before those courts.  In addition, it is not clear if the chapter 7 trustee will allow the Debtor to retain counsel for this purpose.

If the stay is lifted and the Debtor has no ability to retain counsel in the matters pending in New Jersey and New York, the bankruptcy estate's interest in the Escrowed Proceeds will be effectively forfeited, and there will be a substantial likelihood that the parties will receive conflicting opinions from different courts regarding the extent and priority of the judicial creditors, and the Debtor's interest in the proceeds.

Alternatively, if stay relief is denied or the relief requested continued to an adjourned date, this Court would be able to confirm (i) the bankruptcy estate's rights to the Escrowed Proceeds; and (ii) the proper claim amount of the creditors, after an appropriate claims process.  The premature lifting of the stay risks inconsistent rulings and a race to the assets by creditors whose claims are not yet prima facie valid.  It would be much more efficient, effective, and equitable to allow this Court to have the time to deal with these complex issues in a chapter 11 bankruptcy proceeding.  At the very least, the Debtor should have the opportunity to respond to these complex issues being raised and to put the facts before the Court, and also to ensure that the secured creditors are not simply railroading the other parties and unsecured creditors.

At present, the Debtor is in the process of engaging counsel to represent him in a converted chapter 11 proceeding, and is exploring all options that would permit the Debtor to submit all the issues affecting the parties before Your Honor.

In light of the above, and the public policy dictates that support 11 U.S.C. § 362(a) in the first instance, we believe denying the motion, or continuing this motion to the hearing date of the motion to convert to allow for supplemental briefing, would be in the best interests of the bankruptcy estate and the Debtor's creditors.

Thank you for Your Honor's attention to this matter, and please feel free to contact our office with any questions or concerns.

Best Regards,
**THE FRANK LAW FIRM P.C.**
*/s/Thomas J. Frank*
Thomas J. Frank
For the Firm


cc:        All appearing parties (via ECF)