UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                    Chapter 7

BENJAMIN O. RINGEL,                                       Case No. 8-24-71468-las

                Debtor.

------------------------------------------------------------x

**STIPULATION AND ORDER GRANTING**
**LIMITED RELIEF FROM THE AUTOMATIC STAY**
**AS TO SALE OF KENNEDY ASSEMBLAGE**

The Administrator (as defined below) and the Trustee (as defined below) (collectively, the "Parties"), by and through their respective counsel enter into this stipulation and order (the "Stipulated Order") pursuant to 11 U.S.C. §362(d), and represent as follows:

WHEREAS, Kenneth J. Lackey, Esquire, is the court-appointed Substitute Administrator CTA (the "Administrator") of the Estate of Klara Ringel, deceased ("Probate Estate"), pending in the Superior Court of New Jersey, Chancery Division, Probate Part, Monmouth County (the "Probate Court"), under Docket No. MON-P-093-24, Surrogate No. 268991 (the "Probate Proceedings"); and

WHEREAS, on April 15, 2024 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Allan B. Mendelsohn was appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Bankruptcy Estate"); and

WHEREAS, pursuant to a Contract for Sale of Real Estate (the "Contract") which was executed by buyer, Abraham Piller, and sellers Alan Krupnick and Richard Krupnick, as Trustees of the Sydney Krupnick Family Trust, and the Debtor in his capacity as Trustee of the David Ringel GST Trust and the Klara Ringel Revocable Trust and as co-manager of KR East Kennedy Realty

LLC, eight parcels of real estate located in the Township of Lakewood, New Jersey, specifically identified as Block 140, Lots 2, 3, 4, 5, 6, 9 and 10 and Block 141, Lot 1 (collectively the "Kennedy Assemblage") are proposed to be sold (the "Sale"); and

WHEREAS, on June 28, 2024, the Probate Court entered an Order to Approve Sale of Real Estate (the "Probate Court Sale Order") authorizing the Administrator to consummate the Sale pursuant to the Contract; and

WHEREAS, JDWC, LLC, as assignee of RCG LV Debt IV Non-REIT Assets Holdings, LLC ("JDWC") filed an action in the Superior Court of New Jersey, Chancery Division, Ocean County (the "Chancery Court"), Docket No. OCN-C-101-20 (the "JDWC Action"), against the Debtor, the Probate Estate, and others.  In the JDWC Action, JDWC obtained certain restraints that prohibit any distributions to the Debtor directly or any entity owned or controlled by him; and

WHEREAS, the Administrator has filed a motion (the "JDWC Sale Motion") in the JDWC Action seeking permission to proceed with the Sale pursuant to the Contract; and

WHEREAS, the automatic stay under Section 362 of the Bankruptcy Code may be applicable to the Sale.  The Parties desire to lift and/or annul the automatic stay to the extent applicable in order to allow the JDWC Sale Motion to proceed, and upon approval of the JDWC Sale Motion, to permit the Administrator to proceed with the Sale, with the proceeds of Sale to remain in escrow pending agreement of the Parties and/or further Order of this Court.

NOW, THEREFORE, it is stipulated as between the Parties, through their respective undersigned counsel; and after due deliberation and sufficient cause appearing, it is:

ORDERED that the requested relief is GRANTED.

IT IS FURTHER ORDERED that to the extent applicable, the automatic stay imposed by 11 U.S.C. §362 is annulled and/or modified to the extent necessary to allow the Sale to proceed

pursuant to the Contract.  The proceeds of Sale, after payment of ordinary and customary closing costs, shall remain in escrow pending agreement of the Parties and/or further Order of this Court. Except as provided herein, the automatic stay shall remain in full force and effect, subject to further order of the Court.

IT IS FURTHER ORDERED that this Stipulated Order may not be modified other than by a signed writing executed by the Parties or by further order of the Court.

IT IS FURTHER ORDERED that the Stipulated Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

IT IS FURTHER ORDERED that pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, the 14 day stay of this Order imposed by such rule is made inapplicable. The Order is effective immediately upon its entry.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

| ARCHER & GREINER, P.C. | THE KANTROW LAW GROUP, PLLC |
|---|---|
| *Attorneys for Kenneth J. Lackey, Esq., Substitute Administrator CTA of the Estate of Klara Ringel, Deceased* | *Attorneys for Allan B. Mendelsohn, Chapter 7 Trustee of the Bankruptcy Estate of Benjamin Ringel* |

By: _s/Harrison H.D. Breakstone_____          By: ___s/Hailey L. Kantrow_____
       Anthony R. La Ratta, Esquire                      Hailey L. Kantrow, Esquire
       Harrison H.D. Breakstone, Esquire

**SO ORDERED.**



Dated: September 3, 2024
     Central Islip, New York

                                       _____
                                      **Louis A. Scarcella**
                                  **United States Bankruptcy Judge**