UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Donald F. Campbell, Jr., Esq. (*Admitted Pro Hac Vice*)
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road
Red Bank, New Jersey 07701
Tel: (732) 741 3900
Fax: (732) 224 6599
dcampbell@ghclaw.com
*Attorneys for Plaintiff*

In Re:

Benjamin O. Ringel,

Debtor.

Case No: 24-71468(LAS)

Chapter: 7

Judge: Louis A. Scarcella, U.S.B.J.

**STIPULATION AND ORDER
GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
AS TO SALE OF PROPERTY OWNED BY BCR GERTNERS
REALTY, LLC AND BCR 12TH CAREY REALTY, LLC AND OTHER RELATED
RELIEF**

Allan B. Mendelsohn, Chapter 7 Trustee ("*Trustee*"), JDWC, LLC ("*JDWC*"), Atalaya Asset Income Fund II LP ("*Atalaya*"), and LMezz 250 W90 LLC ("*LMezz*"), (collectively, the Trustee, JDWC, LMezz and Atalaya, and/or their successors and assigns, are the "*Parties*"), by and through their respective counsel enter into this stipulation and order (the "*Stipulated Order*"), and represent as follows:

**WHEREAS**, on April 15, 2024 (the "*Petition Date*"), Benjamin O. Ringel (the "*Debtor*") commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and the U.S. Trustee' Office appointed the Trustee as Chapter 7 Trustee for the bankruptcy estate (the "*Bankruptcy Estate*") of the Debtor; and

**WHEREAS**, on May 24, 2024, the Bankruptcy Court entered an order authorizing the Trustee to retain the Kantrow Law Group, PLLC as counsel to the Chapter 7 Trustee; and

**WHEREAS**, Debtor was the sole member in control of BR Lakewood, LLC ("*BR Lakewood*"), which held a 50% interest in BCR Lakewood Holdings, LLC, which was the sole member of BCR Pinewood Realty, LLC ("*BCR Pinewood*"), and BR Lakewood holds 100% of the interests in BCR 12th Carey Realty, LLC ("*BCR Carey*") and 100% of the interests in BCR Gertners Realty, LLC ("*BCR Gertners*"); and

**WHEREAS**, BCR Pinewood held title to property known as Block 104, Lot 4 in Lakewood, New Jersey ("*Pinewood Property*"), which property was sold under order of Superior Court of New Jersey, Ocean County ("*New Jersey Court*"); and

**WHEREAS**, BCR Carey holds title to the property identified as Block 62, Lots 8 & 9 in Lakewood, New Jersey ("*Carey Property*"); and

**WHERAS**, BCR Gertners holds title to the property identified as Block 52, Lot 3 in Lakewood New Jersey ("*Gertners Property*"); and

**WHEREAS**, JDWC is the holder of a judgment against Debtor dated January 8, 2016, which judgment was upheld on appeal by the Superior Court of New Jersey, Appellate Division, in a decision dated August 30, 2023, and pursuant to the Appellate Division's decision, JDWC applied to the New Jersey Court to update its judgment calculations, which was granted by order dated January 25, 2024, and on March 11, 2024 the Debtor filed a motion requesting the New Jersey Court to reconsider the JDWC's judgment and the January 25, 2024 order ("*Reconsideration Motion*");

**WHEREAS**, on April 10, 2024, JDWC filed a motion for attorneys' fees and costs in the New Jersey Court, as part of its update of the amount due under JDWC's judgment, and as

contemplated by the January 25, 2024 order from the New Jersey Court, which motion remains pending ("*JDWC Fee Application*");

**WHEREAS**, on October 25, 2019, the New Jersey Court, entered a charging order against Debtor's interests in certain limited liability companies, including BR Lakewood, BCR Pinewood, BCR Gertners, and BCR Carey; and

**WHEREAS**, Atalaya is the holder of a judgment against Debtor, and on March 8, 2023, Atalaya obtained a charging order from the Supreme Court of New York State ("*New York Court*") against Debtor's interests in certain limited liability companies, including BR Lakewood, BCR Pinewood, BCR Gertners, and BCR Carey, which charging order has since been recognized by the New Jersey Court; and

**WHEREAS**, LMezz is the holder of a judgment against Debtor, and LMezz obtained a charging order from the New Jersey Court against Debtor's interests in certain limited liability companies, including BR Lakewood, BCR Pinewood, BCR Gertners, and BCR Carey; and

**WHEREAS**, the charging orders obtained by JDWC, Atalaya, and LMezz perfected their position as secured creditors to distributions from the identified entities in the charging orders, including BR Lakewood, BCR Gertners and BCR Carey; and

**WHEREAS**, Atalaya filed a motion for turnover of Debtor's interests in BR Lakewood and to be appointed receiver for BR Lakewood, and on December 11, 2023, the New York Court granted the motion turning over 100% of the membership interests of BR Lakewood to Atalaya as receiver ("*Turnover Order*"); and

**WHEREAS**, on January 9, 2024, the Debtor filed a Notice of Appeal in the New York Court seeking to overturn or vacate the Turnover Order, which appeal remains pending; and

**WHEREAS**, on March 28, 2024, the Pinewood Property was sold and BR Lakewood's 50% of the net proceeds (approximately $19.4 million) were placed in escrow pending court approval for distribution to various creditors of BR Lakewood and the Debtor; and

**WHEREAS**, on June 4, 2024 Atalaya filed a motion seeking to confirm the absence of stay or to lift stay, which was granted on July 16, 2024, which permitted Atalaya to file a motion in New Jersey Court to approve the distribution of the BR Lakewood proceeds to the creditors of BR Lakewood and the Debtor (the "*Distribution Motion*"); and

**WHEREAS**, on July 19, 2024, the New Jersey State Court entered an order approving the Distribution Motion and, on that date, funds were released from escrow satisfying a number of creditor claims against BR Lakewood and the Debtor; and

**WHEREAS**, JDWC filed a proof of claim against the Bankruptcy Estate in the amount of $10,457,266.16; Atalaya filed a proof of claim in the amount of $6,049,999.90; and LMezz filed a proof of claim in the amount of $16,753,726.51; and

**WHEREAS**, as of July 19, 2024 after the distribution of the Pinewood Property proceeds of sale, JDWC's balance due was $818,856.24 plus as of March 31, 2024 approximately $680,685.00 in legal fees; Atalaya's balance due was $296,741.02, plus legal fees of approximately $543,266.08, and LMezz's balance due was $14,729,753.81. Interest, costs, and legal fees continue to accrue, and are subject to court approval, and all Parties reserve the right to object to same.

**WHEREAS**, after distribution of the proceeds from the Pinewood Property sale, creditors JDWC, Atalaya, and LMezz have remaining balances due secured by the remaining assets of BR Lakewood, BCR Gertner and BCR Carey; and

**WHEREAS**, the Parties intend to seek the sale of the Gertners Property and Carey Property and distribute the proceeds of sale pursuant to the terms of this Stipulation; and

**WHEREAS**, the Parties desire to lift the automatic stay to the extent applicable in order to effectuate the terms of this Stipulated Order, including but not limited to allow the management, listing, and sale of Gertners Property and Carey Property; and

**NOW, THEREFORE**, it is stipulated as between the Parties, through their respective undersigned counsel; and after due deliberation and sufficient cause appearing, it is:

**ORDERED** that the requested relief is **GRANTED** as follows;

1. The automatic stay is hereby lifted pursuant to 11 U.S.C. §362(d)(2) to effectuate the terms of this Stipulated Order.

2. The Trustee shall within fourteen (14) days of this order, cause the dismissal of the pending appeal of the Turnover Order with prejudice and cause the withdrawal of the pending Reconsideration Motion with prejudice;

3. The Receiver (as defined in the Turnover Order), is permitted to perform and cause the management, listing, and sale of the Gertners Property and Carey Property, to retain legal counsel, realtor and property management company, and to perform all other things necessary to preserve the value of the Gertners Property and Carey Property, which process will be before the New Jersey Court. The Receiver is permitted to perform any actions authorized under the Turnover Order. The Parties have the right to fully participate in the New Jersey Court or New York Court proceedings and reserve the right to object to any action contrary to the terms of this Stipulated Order.

4. After payment of ordinary and customary closing costs subject to New Jersey Court approval (including but not limited to realtor commissions, outstanding ordinary expenses,

legal fees, title fees and applicable taxes or penalties due) the remaining distributions of BR Lakewood shall be used to satisfy the following claims in the following order: (a) first, payment of $250,000 to the Bankruptcy Estate; (b) second, full satisfaction of JDWC's balance due on its judgment, plus interest, and legal fees and other costs accrued subject to the JDWC Fee Application, less $50,000; (c) third, full satisfaction of Atalaya balance due, plus interest, legal fees and other costs to be accrued subject to New York Court approval, less $25,000; (d) fourth, full satisfaction of LMezz balance due; and (e) fifth, remainder to be turned over to the Trustee for the benefit of the Bankruptcy Estate. The Receiver shall waive any commission due and will only be entitled to legal fees and costs incurred, subject to the approval of the New Jersey Court.

5. Upon receipt of payment in full of their claim, JDWC, Atalaya, and LMezz agree to withdraw their filed proofs of claim against the Bankruptcy Estate.

6. Subject to the terms and conditions of this Stipulated Order, the Trustee hereby releases JDWC, Atalaya, and LMezz as well as their successors and assigns from any and all claims or causes of action that have been or could have been asserted against them by the Debtor or the Bankruptcy Estate.

7. Except as provided herein, the automatic stay shall remain in full force and effect, subject to further order of the Court.that this Stipulated Order may not be modified other than by a signed writing executed by the Parties or by further order of the Court.

8. This Stipulated Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

9.  Pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, the 14 day stay of this Order imposed by such rule is made inapplicable. The Order is effective immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**GIORDANO, HALLERAN & CIESLA, P.C.**
Attorneys for *JDWC, LLC*

By: S/Donald F. Campbell, Jr.
　　Donald F. Campbell, Jr., Esq.

Dated: 10/18/24

**THE KANTROW LAW GROUP, PLLC**
Attorneys for *Allan B. Mendelsohn, Chapter 7 Trustee of the Bankruptcy Estate of Benjamin Ringel*

By: S/Hailey L. Kantrow
　　Hailey L. Kantrow, Esq.

Dated: 10/18/24

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
Attorneys for *Atalaya Asset Income Fund II, LP*

By: S/Brendan M. Scott
　　Brendan M. Scott, Esq.

Dated: 10/18/24

**COLE SCHOTZ, P.C.**
Attorneys for *LMezz 250 W90 LLC*

By: S/Michael R. Yellin
　　Michael R. Yellin, Esq.

Dated: 10/18/24