UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

Benjamin O Ringel,

                 Debtor.

-------------------------------------------------------------x

Case No.: 8-24-71468-las

Chapter 7

**ORDER APPROVING STIPULATION OF SETTLEMENT**

      Upon the motion, dated October 21, 2024 [Dkt. No. 106] and amended motion, dated October 21, 2024 (together, the "Motion") [Dkt. No. 107], of Allan B. Mendelsohn, as the trustee (the "Trustee") of the bankruptcy estate of Benjamin O Ringel (the "Debtor"), by his counsel, The Kantrow Law Group, PLLC, pursuant to Bankruptcy Rule 9019(a), seeking the entry of an order approving the settlement between (i) the Trustee and JDWC, LLC ("JDWC"), Atalaya Asset Income Fund II, LP ("Atalaya"), and LMezz 250 W90 LLC ("LMezz"), including the stipulation of settlement dated October 18, 2024 (the Stipulation of Settlement") attached thereto [Dkt. No. 106-3]; and the Debtor having filed an untimely objection on November 18, 2024 [Dkt. Nos. 116-118]; and a hearing on the Motion having been held on November 19, 2024 ("Hearing"), at which the Trustee appeared, Fred Kantrow appeared as the Trustee's counsel, Donald Campbell appeared on behalf of JDWC, Michael Yellin appeared on behalf of LMezz, Howard Kaplan appeared on behalf of Atalaya, and the Debtor appeared *pro se*; and based upon the record made at the Hearing, the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) notice of the Motion was sufficient and no additional notice of or a hearing on the Motion is required under the

1

circumstances, (v) the factors set forth in *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007), weigh in favor of approving the Stipulation of Settlement and (vi) the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest and is supported by good business reasons in accordance with Bankruptcy Rule 9019; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; now, therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. Pursuant to Bankruptcy Rule 9019, the Trustee is authorized to enter into the Stipulation of Settlement.

3. The Stipulation of Settlement dated October 18, 2024, attached to the Motion [Dkt. No. 106-3], is approved.

4. The Trustee is authorized to take any and all actions reasonably necessary to consummate the Stipulation of Settlement and perform any and all obligations contemplated therein.

5. To the extent necessary, the automatic stay is hereby modified pursuant to 11 U.S.C. § 362(d)(1) to allow the Trustee, JDWC, Atalaya and LMezz to effectuate all of the provisions set forth in the Stipulation of Settlement.

6. The fourteen (14) day stay of the effective date of this Order is waived and this Order shall be effective immediately.

7. The Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: November 22, 2024
    Central Islip, New York



*Louis A. Scarcella*
**Louis A. Scarcella**
**United States Bankruptcy Judge**