Hearing Date: October 7, 2025
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                            Chapter 7

BENJAMIN O. RINGEL,                                 Case No. 8-24-71468-las

                              Debtor.
-------------------------------------------------------------X

## NOTICE OF MOTION PURSUANT TO 11 U.S.C. § 362(d)(1) AND (d)(2) FOR RELIEF FROM THE AUTOMATIC STAY AND FOR SUCH OTHER RELIEF THE COURT MAY DEEM JUST AND PROPER

**PLEASE TAKE NOTICE** that upon the motion (the "Motion") of Mark L. Cortegiano, Esq., counsel for Maspeth Federal Savings and Loan Association ("Maspeth"), a hearing (the "Hearing") will be held before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, at the United states Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, NY 11722, on October 7, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard (the "Hearing Date") to consider Maspeth's motion for entry of an order pursuant to § 362(d)(1) and (d)(2) of title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") lifting the automatic stay.

**PLEASE TAKE FURTHER NOTICE** that unopposed motions may be granted by the Court without the need for an appearance provided that the moving party files with the Court a proposed order granting the motion along with a Certificate of No Objection at least **two (2) days prior** to the scheduled hearing date. Following receipt of a Certificate of No Objection, the Court may enter an order granting the motion without further pleading, hearing or request.

**PLEASE TAKE FURTHER NOTICE all attorneys and unrepresented parties are required to register for the hearing(s) at least two (2) business days in advance of the**

**scheduled hearing by using the Court's eCourt Appearances platform: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.**

 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the application must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with the Administrative Orders of this Court, by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, Microsoft Word, DOS text (ASCII) or a scanned image of the filing, with a hard copy delivered directly to Chambers, and be served in accordance with the Administrative Orders of this Court, and upon: (i) counsel to the Movant, Mark L. Cortegiano, Esq., 65-12 69th Place, Middle Village, NY 11379; and (ii) counsel to the Trustee, The Kantrow Law Group, PLLC, 732 Smithtown Bypass, Suite 101, Smithtown, NY 11787; and (iii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722; so as to be received no later than September 30, 2025.

 **PLEASE TAKE FURTHER NOTICE** that only those objections that have been timely filed may be considered by the Court.

Dated: Middle Village, NY
   August 7, 2025

           /s/ Mark L. Cortegiano
           Mark L. Cortegiano, Esq.
           65-12 69th Place
           Middle Village, NY 11379
           (718) 894-9500
           mark@cortegianolaw.com
           *Attorney for Maspeth Federal*
           *Savings and Loan Association*

Hearing Date: October 7, 2025
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                          Chapter 7

BENJAMIN O. RINGEL,                                          Case No. 8-24-71468-las

                              Debtor.
-------------------------------------------------------------X

**MOTION UNDER 11 U.S.C. § 362(d) FOR RELIEF FROM THE AUTOMATIC STAY**

Maspeth Federal Savings and Loan Association ("Movant" or "Maspeth"), by and through

its undersigned counsel, Mark L. Cortegiano, Esq., hereby moves before the Honorable Louis A.

Scarcella, United States Bankruptcy Judge, for an Order pursuant to 11 U.S.C. § 362(d)(1) and

(d)(2) modifying and terminating the automatic stay to permit Movant to exercise all of its rights

and remedies with respect to certain collateral commonly known as 15 Washington Avenue,

Lawrence, NY 11559 (the "Property"). In support of this Motion, the Movant respectfully

represents the following:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and

157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory and legal predicate for the relief requested herein are section 362(d)

of the Bankruptcy Code and Bankruptcy Rule 4001(a).

1

## FACTUAL BACKGROUND

4.      On or about June 2, 2004, Maspeth made a loan to Benjamin Ringel (the "Debtor") in the amount of $499,000.00, secured by a first priority mortgage against the Property. A copy of the mortgage and bond are annexed hereto as Exhibit A.

5.      Pursuant to the mortgage and bond, Debtor is to make monthly payments to Maspeth. Debtor defaulted on his obligations to make monthly payments pursuant to the loan documents, and on March 10, 2017, Maspeth commenced a foreclosure action in the Supreme Court of the State of New York, Nassau County, under Index No. 1482/2017 (the "Foreclosure Action").

6.      On or about January 28, 2019, a judgment of foreclosure and sale was entered in the Foreclosure Action.

7.      On April 15, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under Chapter 7 of the Bankruptcy Code, thereby staying the Foreclosure Action.

8.      On August 27, 2024, counsel for the Chapter 7 Trustee Allan B. Mendelsohn filed a notice of proposed abandonment of the Property.

9.      No objections to the notice of proposed abandonment were filed and the Property was deemed abandoned.

10.     Although the Property is no longer property of the estate, Maspeth seeks relief from the automatic stay because Debtor is a named defendant in the Foreclosure Action. *See In re Yarbrough*, 540 B.R. 647, 660 (Bankr. E.D. Ark. 2015) (Movant correctly sought relief from automatic stay before proceeding with foreclosure action against property that was no longer property of the estate because the automatic stay remained in place with respect to the debtor and property of the debtor).

## RELIEF REQUESTED AND BASIS THEREFOR

11.     By this Motion, Movant seeks entry of an order, pursuant to Bankruptcy Code sections 362(d)(1) and (d)(2), modifying and terminating the automatic stay to permit Movant to exercise all of its rights and remedies under applicable law with respect to the Property.

12.     Bankruptcy Code Section 362(d)(1) states that on request of a party in interest, the court shall grant relief from the stay by terminating, annulling, modifying, or conditioning the stay "for cause, including the lack of adequate protection" of the moving party's interest in property of the Debtor.

13.     "While the term 'cause' is not defined in the Bankruptcy Code and the legislative history sheds little light on its meaning, it is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1)." *In re Uvaydov*, 364 B.R. 620, 623 (Bankr. E.D.N.Y. 2006).

14.     Here, the Debtor has not made any post-petition mortgage payments. Therefore, cause exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

15.     Alternatively, under 11 U.S.C. § 362(d)(2), the court shall grant relief from the stay if "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

16.     Here, the Debtor does not have any equity in the Property. By deed dated February 24, 2016, the Debtor Benjamin Ringel transferred his interest in the Property to Yael Ringel. *See* Exhibit B.

17.     Additionally, the Property is not necessary to an effective reorganization, as shown by the Trustee's abandonment of the Property. *See* 11 U.S.C. § 554(a) (trustee may abandon

property of the estate that is "burdensome to the estate or that is of inconsequential value and benefit to the estate").

18.    As the Debtor does not have any equity in the Property and the Property is not necessary to an effective reorganization, this Court should grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

19.    Based upon the foregoing, Maspeth respectfully requests that the automatic stay be lifted pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), and that Maspeth be permitted to continue foreclosure proceedings against the Property.

Dated:  Middle Village, NY
        August 7, 2025

/s/ Mark L. Cortegiano
Mark L. Cortegiano, Esq.
65-12 69th Place
Middle Village, NY 11379
(718) 894-9500
mark@cortegianolaw.com
*Attorney for Maspeth Federal*
*Savings and Loan Association*